NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2899
_____

LUCIANA BAKER,
                    Appellant

v.

THE HARTFORD LIFE INSURANCE COMPANY;
BLOOMBERG, LP - NEW YORK ADMINISTRATOR
OF THE BLOOMBERG LP LONG-TERM DISABILITY PLAN
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 3-08-cv-06382
District Judge: The Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 15, 2011

Before: RENDELL, SMITH, and ROTH, *Circuit Judges*

(Filed: July 27, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Luciana Baker was denied benefits through her employer's long-term

disability benefits program.  She contested this determination in federal court.  The District Court concluded that the claims administrator's decision was not arbitrary or capricious and granted summary judgment in favor of the employer.  We agree and will affirm.

Baker was an employee of Bloomberg, L.P.  She spent most of her shift at her desk.  Baker began to experience back pain in early 2007 and, on February 5, she took leave under the Family and Medical Leave Act.  She applied for and received short-term disability benefits on account of "chronic lower back pain and disc disease with acute exacerbation."  Baker's treating physician, Dr. Paul Cooke, placed her on a strengthening and stabilization exercise program.

Baker's condition improved under Dr. Cooke's regimen.  He advised, however, that she should not return to work if her position required "prolonged sitting."  Baker did not return to work.  She instead filed an application for long-term disability benefits.  These benefits were available to eligible Bloomberg employees who participated in the company's ERISA-compliant Group Long-Term Disability Insurance Plan.  The Plan set forth an employee's eligibility for long-term benefits as follows:

> Disability means that during the Elimination Period and the following 24 months, Injury or Sickness causes physical or mental impairment to such a degree of severity that [the claimant is]:
>
> 1) continuously unable to perform the Material and

Substantial Duties of [her] Regular Occupation; and

2) not Gainfully Employed.

A "material and substantial" duty is one that encompasses the "necessary functions of [the claimant's] *Regular Occupation* which cannot be reasonably omitted or altered." Bloomberg retained discretion to determine benefit eligibility under the Plan. It delegated this authority to defendant The Hartford Life Insurance Company.

During Hartford's claim review, Bloomberg produced a Physical Demands Analysis regarding Baker's position. This document indicated that Baker's "typical work day entail[ed] seven (7) hours of sitting, a half-an-hour of standing (.5) total, and a half-an-hour of walking (.5)." The document further indicated that Baker could "[a]lternate sitting and standing as needed." Bloomberg also offered to modify Baker's work station "regarding sitting v. standing ratio." Shortly after its receipt of the Physical Demands Analysis, Hartford corresponded with Dr. Cooke. He confirmed that Baker's "only activity limitations and restrictions were to limit prolonged sitting and avoid heavy lifting." On September 14, 2007, Hartford denied Baker's application for long-term disability benefits after concluding that she was able to perform the "essential duties" of her position.

Baker filed an administrative appeal. Pursuant to ERISA regulations, Hartford retained an independent medical examiner, Dr. John Nemunaitis, to

3

review the medical evidence.  He spoke with several of Baker's physicians, including Dr. Cooke, before concluding that Baker could return to work.  Hartford affirmed its initial benefits decision shortly thereafter.  Baker appealed that decision to the District Court, which had jurisdiction to review the administrative determination pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B).  The District Court granted summary judgment in Hartford's favor.  We have jurisdiction to review its judgment under 28 U.S.C. § 1291.

Our review of an order granting summary judgment is plenary.  *Roth v. Norfalco LLC*, --- F.3d ---, 2011 U.S. App. LEXIS 13119, at *12 (3d Cir. June 28, 2011).  Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Hartford was vested with discretion to determine Plan eligibility and an employee's entitlement to benefits.  Its decision is thus subject to reversal only if it was arbitrary or capricious.[1]  *Doroshow v. Hartford Life & Accident Ins. Co.*, 574 F.3d 230, 233–34 (3d Cir. 2009).  This standard permits a court to overturn a plan

---

[1] Baker argues that a New Jersey regulation, N.J. Admin. Code § 11:4-58.3, requires a different standard of review.  There are a variety of reasons why this is not so.  Most importantly (and as discussed by the District Court), an employee may challenge a claim determination in federal court.  Thus, the Plan does not, as Baker suggests, reserve "sole discretion to the carrier."  *See* N.J. Admin. Code § 11:4-58.3 (stating that a group health insurance policy may not contain a provision "purporting to reserve sole discretion to the carrier to interpret the terms of the policy or contract").

administrator's decision where "it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 234. Our review must also take into account the fact that Bloomberg delegated authority to Hartford to evaluate claims and pay plan benefits. As a result, Hartford acted under a conflict of interest. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). We must consider this conflict "as a factor in determining whether the plan administrator has abused its discretion in denying benefits." *Id.*

Hartford did not act arbitrarily or capriciously. To be eligible for long-term disability under the Plan, Baker had to prove that she was continuously unable to perform the material and substantial duties of her regular occupation. As Dr. Cooke indicated, prolonged sitting was the central obstacle to Baker's resumption of her duties. Dr. Cooke, however, informed Hartford that Baker could return to work if she could avoid sitting for prolonged periods. Bloomberg was open to modifying Baker's work station so that the "sitting v. standing ratio" was more conducive to Baker's requirements. Baker, however, never returned to her position and, thus, never attempted to work under the modified conditions. As the District Court explained, Baker did not carry her burden to show that, in spite of the modifications, she was unable to perform the necessary functions of her occupation. The District Court was correct to enter a judgment in Hartford's favor.